UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Lori Weise,
and other similarly situated individuals,

  Plaintiff (s),

v.

Blue Line Law Firm PLLC,
and Kevin J. Drummond, individually

  Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Lori Weise and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Blue Line Law Firm PLLC, and Kevin J. Drummond, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damage for unpaid regular wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Lori Weise is a resident of Brevard County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Blue Line Law Firm PLLC (from now on, Blue Line Law Firm, or Defendant) is a Florida corporation having a place of business in Palm Beach County, Florida.

4. Individual Defendant Kevin J. Drummond is the owner and manager of Blue Line Law Firm.

5. Defendants Blue Line Law Firm and Kevin J. Drummond are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint occurred in Palm Beach County, Florida, within this Court's jurisdiction.

General Allegations

7. This cause of action is brought by Plaintiff Lori Weise as a collective action to recover from the Defendants minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked for Defendants during one or more weeks on or after April 2022, (the "material time") without being adequately compensated.

8. Defendant Blue Line Law Firm is a law office located at 1645 Palm Beach Lakes Blvd., Suite 1200, West Palm Beach, FL 33401.

9. Defendants Blue Line Law Firm and Kevin J. Drummond employed Plaintiff Lori Weise as a non-exempted full-time, hourly employee, from April 25, 2022, to May 27, 2022, or 4 weeks.

10. Plaintiff was hired to work remotely from home as a paralegal. Plaintiff had paralegal duties. At the time of her hiring, Plaintiff's wage rate was set at $21.00 an hour.

11. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from Monday to Friday, from 9:00 AM to 5:00 PM (8 hours daily), or a total of 40 hours every week, but Defendants deducted one hour daily or five hours weekly as lunchtime.

12. Plaintiff was required to clock out for one hour of lunchtime daily. However, at least two days per week, she was not able to take her lunchtime.

13. Furthermore, Plaintiff was required to work at least one off-the-clock hour every week (after hours). This hour constitutes one unpaid regular hour per week.

14. Plaintiff claims 3 regular unpaid hours per week (2 hours of lunchtime, plus 1 off-the-clock hour).

15. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

17. During her time of employment with Defendants, Plaintiff was not paid her wages, regularly on payment day,

18. Plaintiff complained multiple times about the lack of payment for regular hours to her manager, Kevin J. Drummond.

19. As a direct result of Plaintiff's complaints, on or about May 22, 2022, Defendants lowered Plaintiff's working hours from 40 to 20 hours weekly, from 10:00 AM to 2:00 PM. However, Kevin J. Drummond called Plaintiff to request case status before 10:00 AM.

20. On or about May 27, 2022, Plaintiff did not receive her payment again. Thus, Plaintiff could not stand the payment issues and mistreatment received, and she was forced to resign from her employment with Defendants.

21. On or about May 27, 2022, Plaintiff was constructively discharged for two reasons. One reason was the late payment issues, and the second reason was a discriminatory reason. Plaintiff is in

the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

22. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid hours.

23. Plaintiff Lori Weise intends to recover her regular hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

## Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every hour worked as required by the FLSA.

26. This action is intended to include every paralegal and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

27. Plaintiff Lori Weise re-adopts every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

28. Plaintiff Lori Weise brings this action to recover from the Employer Blue Line Law Firm unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

29. Defendant Blue Line Law Firm was and is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides legal services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to support the activities of a law firm providing legal services. Therefore, there is FLSA individual coverage.

31. Defendant Blue Line Law Firm was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

32. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

33. the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

34. Defendants Blue Line Law Firm and Kevin J. Drummond employed Plaintiff Lori Weise as a non-exempted full-time, hourly employee, from April 25, 2022, to May 27, 2022, or 4 weeks.

35. Plaintiff was hired to work remotely from home as a paralegal. Plaintiff had paralegal duties. At the time of her hiring, Plaintiff's wage rate was set at $21.00 an hour.

36. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from Monday to Friday, from 9:00 AM to 5:00 PM (8 hours daily), or a total of 40 hours every week, but Defendants deducted one hour daily, or 5 hours of lunchtime weekly.

37. Plaintiff was required to clock out for one hour of lunchtime daily. However, at least two days per week, she was not able to take her lunchtime.

38. Furthermore, Plaintiff was required to work at least one off-the-clock hour every week (after the hour). This hour constitutes one unpaid hour per week.

39. Plaintiff claims 3 regular unpaid hours per week (2 hours of lunchtime, plus 1 off-the-clock hour).

40. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

41. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

42. Plaintiff was paid by direct deposits and by Zelle.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate

time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

    * Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    One Hundred Twenty Dollars and 00/100 ($120.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: 4 weeks plus
    Total relevant weeks: 4 weeks
    Total hours worked:  35 weekly average
    Total number of unpaid hours: 3 hours weekly
    Regular rate:  $21.00
    FL Minimum wage rate 2022: $10.00

    $10.00 x 3 unpaid regular hours $30.00 weekly x 4 weeks=$120.00  weekly

    c. <u>Nature of wages</u>:

       This amount represents regular unpaid hours at the Florida  minimum wage rate

45. Defendant unlawfully failed to pay Plaintiff Lori Weise minimum wages as required by law.

46. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

47. At times mentioned, individual Defendant Kevin J. Drummond was the owner and operator of Blue Line Law Firm. Defendant Kevin J. Drummond was the Employer of Plaintiff and others

similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of corporate Defendant in relation to its employees, including Plaintiff and others similarly situated. Defendant Kevin J. Drummond had financing and operational control of the corporation, he was responsible for Plaintiff and other similarly situated employees' working conditions, and he is jointly and severally liable for Plaintiff's damages.

48. Defendant Blue Line Law Firm and Kevin J. Drummond willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

49. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Lori Weise and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Lori Weise and against Defendants Blue Line Law Firm and Kevin J. Drummond based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Lori Weise actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Lori Weise an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Lori Weise reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Lori Weise and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

<b>COUNT II:<br>
FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 USC 215(a)(3</b>

50. Plaintiff Lori Weise re-adopts every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

51. Defendant Blue Line Law Firm was and is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

52. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to support the activities of a law firm providing legal services. Therefore, there is FLSA individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

55. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants Blue Line Law Firm and Kevin J. Drummond employed Plaintiff Lori Weise as a non-exempted full-time, hourly employee, from April 25, 2022, to May 27, 2022, or 4 weeks.

57. Plaintiff was hired to work remotely from home as a paralegal. Plaintiff had paralegal duties. At the time of her hiring, Plaintiff's wage rate was set at $21.00 an hour.

58. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from Monday to Friday, from 9:00 AM to 5:00 PM (8 hours daily), or a total of 40 hours every week, but Defendants deducted one hour daily, or 5 hours of lunchtime weekly.

59. Plaintiff was required to clock out for one hour of lunchtime daily. However, at least two days per week, she was not able to take her lunchtime.

60. Furthermore, Plaintiff was required to work at least one off-the-clock hour every week. This hour constitutes one unpaid hour per week.

61. Plaintiff claims 3 unpaid regular hours per week (2 hours of lunchtime, plus 1 off-the-clock hour).

62. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

63. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

64. During her time of employment with Defendants, Plaintiff was not paid her wages regularly on the payment day,

65. Plaintiff complained multiple times about the lack of payment for regular hours to her manager, Kevin J. Drummond.

66. These complaints constituted protected activity under the FLSA.

67. However, as s a direct result of Plaintiff's complaints, on or about May 22, 2022, Defendants lowered Plaintiff's working hours from 40 to 20 hours weekly, from 10:00 AM to 2:00 PM. Despite Plaintiff's reduced schedule, Kevin J. Drummond called her to request case status before 10:00 AM.

68. This reduction of working hours constituted an adverse retaliatory employment action

69. On or about May 27, 2022, Plaintiff did not receive her payment again. Thus, Plaintiff could not stand the payment issues, and she was forced to leave her employment with Defendants.

70. Consequently, on or about May 27, 2022, Plaintiff was constructively discharged. The harsh and unfair working conditions forced Plaintiff to quit. No reasonable person could continue working under the unfair conditions established by Defendants.

71. The motivating factor which caused Plaintiff's constructive discharge, as described above, was her complaints seeking regular wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about regular wages.

72. There is close proximity between Plaintiff's protected activity and her discharge.

73. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices or retaliation to constructively discharge Plaintiff.

74. The Defendants' termination or constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

75. At times mentioned, individual Defendant Kevin J. Drummond was the owner and operator of Blue Line Law Firm. Defendant Kevin J. Drummond was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of corporate Defendant in relation to its employees, including Plaintiff and others similarly situated. Defendant Kevin J. Drummond had financing and operational control of the corporation, he was responsible for Plaintiff and other similarly situated employees' working conditions, and he is jointly and severally liable for Plaintiff's damages.

76. Plaintiff Lori Weise has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Lori Weise respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Blue Line Law Firm and Kevin J. Drummond that Plaintiff Lori Weise recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants Blue Line Law Firm and Kevin J. Drummond to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Lori Weise further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff Lori Weise demands a trial by a jury of all issues triable as a right by a jury.

Date:  October 7, 2022

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*