# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LORI WEISE, an individual § § §<br>Plaintiff, § §<br>vs. § §<br>BLUE LINE LAW FIRM PLLC § §<br>and KEVIN J. DRUMMOND § §<br>Defendant(s). § § § § | CIVIL ACTION NO. 9:22-cv-81549-AMC |

## MOTION TO DISMISS COMPLAINT

Blue Line Law Firm PLLC ("Defendant") moves to dismiss the complaint and as support states as follows:

### I.  Failure to state a cause of action.

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

The complaint seeks to allege a claim under 29 U.S. Code § 215 while admitting that an EEOC complaint was being filed and in fact was filed as EEOC Charge No. 510-2023-01519. *See* EEOC documentation filed herewith at **Exhibit A**. In this file the Court can take notice that a contract controlled the plaintiff's relationship with Blue Line Law Firm. This contract was not attached. This contract is operative and must be attached to any complaint involving the relationship and to avoid misleading the Court. Also, the result of this administrative remedy should be disclosed to the Court.

In resolving a motion to dismiss under Rule 12(b)(6), a court ordinarily considers only the allegations within the four corners of the complaint and documents attached thereto. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)). But the Court may properly consider Plaintiff's Charge on Defendants' Motion here "without converting the motion to one for summary judgment because the charge is central to Plaintiff's discrimination claims." *Williams v. Home Advantage Humana*, No. 8:21-cv-51-CEH-SPF, 2021 U.S. Dist. LEXIS 82091, at *11 (M.D. Fla. Apr. 29, 2021); *see also McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 875 (11th Cir. 2016) (holding that the district court did not err in considering plaintiff's EEOC charge on a motion to dismiss because the charge was central to plaintiff's claims and its authenticity was not in dispute).

**II.     The EEOC file shows that the plaintiff was an independent contractor and not covered by FLSA.**

The independent contractor contract from the EEOC file shows that the plaintiff is not covered under FLSA. Therefore, no claim can be stated under FLSA unless the pleading shows how the contract and relationship should be governed by the FLSA and not solely by the contract.

**III.     The complaint is vague as to what days were actually worked and not paid.**

Even if FLSA applied, the complaint does not specify what times were worked nor does it state that any invoice, time sheet, or claim for lunch time or overtime were ever submitted to Blue Line Law Firm.

Under Rule 12(e) a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

The plaintiff's merely guessing what time was worked without specific dates, times, and amounts is insufficient to state a claim for unpaid wages. The Complaint must specify was time was worked and not paid. Also, if the specific time was never claimed, then any claim of that time would be premature if the dates, times, and amounts were not specifically requested from the defendant.

WHEREFORE, the defendant Blue Line Law Firm's motion to dismiss should be granted to allow the plaintiff to plead why the contract in the EEOC file does not govern the relationship with Blue Line Law Firm PLLC and to provide a more definite statement as to what days were actually worked, claimed, and then not paid.

Dated: April 13, 2023            Respectfully submitted,

By: /s/ Kevin Drummond
KEVIN DRUMMOND, ESQ. (FBN 1002238)
**BLUE LINE LAW FIRM, PLLC**
1645 Palm Beach Lakes Blvd., Suite 1200

>West Palm Beach, FL 33401
>Telephone: 888-611-9511
>Facsimile: 561-892-3330
>E-Service: intake@tbllf.com