UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-81549-AMC

LORI WEISE,

Plaintiff,

vs.

BLUE LINE LAW FIRM PLLC, and
KEVIN J. DRUMMOND,

Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT [ECF No. 38]

Plaintiff claims Defendants paid her less than the statutory minimum wage and constructively discharged her. She also seeks to bring a collective action on behalf of other similarly-situated individuals. Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted. ECF No. 38.

I have considered the Complaint, the Motion to Dismiss, and the Response. No Reply was filed. The Motion should be DENIED.

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed that way, the factual allegations must be enough to raise a right to relief above the speculative level, "on the assumption that all the allegations in the claim are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). Twombly, 550 U. S. at 555 (citations omitted).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols.*,

*Inc.*, No. 18-cv-60178, 2018 WL 3360754, at \*6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the Twombly standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24979-RAR, 2022 WL 3027906, at \*6 (S.D. Fla. Aug. 1, 2022) (J. Ruiz). The Court also may consider other documents whose authenticity is undisputed and which are central to the claims in this matter. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Here, the Complaint alleges the following facts entitled to the assumption of truth:

- On or about April 25, 2022, Defendants hired Plaintiff as a paralegal to work remotely. Her wage rate was $21 per hour for 40 hours per week. ¶¶10, 11, 34.

- Plaintiff worked at least 3 hours per week for which she was not paid. ¶¶ 12-13.

- Plaintiff did not receive her wages on the regularly scheduled payment day. ¶17.

- Plaintiff complained to Defendant Drummond multiple times about not being paid for her regular hours. ¶18.

- When Plaintiff did not receive her wages as scheduled on or about May 27, 2022, "she was forced to resign from her employment with Defendants." ¶20.

Plaintiff says that part of the reason she left her job was because of unspecified discrimination. She says that the discrimination matter is pending with the EEOC. ¶21.

Count I alleges that Defendants did not pay Plaintiff minimum wage, as required by 29 U.S.C. §206. Count II alleges Plaintiff was constructively discharged in retaliation for her complaints about unpaid wages.

To win on Count I, Plaintiff must plead and prove: (1) an employee-employer relationship existed, (2) there was coverage under the FLSA, and (3) the employer failed to pay the required minimum wage. *See, e.g., Cabreja v. SC Maint., Inc.,* No. 8:19-CV-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019), r*eport and recommendation adopted*, No. 8:19-CV-296-T-33CPT, 2019 WL 2929325 (M.D. Fla. July 8, 2019).

To win on Count II, Plaintiff must plead and prove (1) she engaged in statutorily protected activity, (2) Defendant later took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the adverse employment action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000).

Defendants challenge only whether Plaintiff had FLSA coverage as an employee. They say the Plaintiff was an independent contractor. They ask the Court

to consider documents included in an EEOC file that, they say, show the independent contractor relationship, and which they say are central to the claims here. Plaintiff says the Court cannot consider these materials because they are outside the four corners of the Complaint.

I decline to consider the EEOC materials. These documents are not in the record before me and are not publicly available. In any event, Defendants have not shown that these materials fall into the limited set of items outside the Complaint that can be considered on a Rule 12(b)(6) motion. Plaintiff has plausibly alleged employee status.

Defendants next argue that the Complaint is defective because it "does not specify what times were worked nor does it state that any invoice, time sheet, or claim for lunch time or overtime were ever submitted to Blue Line Law Firm." ECF No. 38 at 3.  Defendants ask for a more definite statement under Rule 12(e) to clarify this missing information.

Under Federal Rule of Civil Procedure 12(e):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

"Since courts have liberally construed the pleading standard under Rule 8(a), 'a short and plain statement' will be enough, unless upon motion it is shown that the pleading 'is so ambiguous that a party cannot reasonably' respond." *Briseus v. JPMorgan Chase Bank, N.A.*, No. 18-CV-80671, 2018 WL 3586140, at *2 (S.D. Fla. July 26, 2018)

(J. Bloom) (quoting *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996) (J. King)). "Most courts disfavor the use of Rule 12(e), and motions for a more definite statement should not be used as a means of discovery." *Id.* (quoting *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005)) (internal quotations omitted).

Here, a more definite statement is not required. The Complaint is clear enough that Defendants can understand the legal claims being asserted and the factual theory supporting them. Defendants can develop additional specific facts through discovery. *See Mitial v. Dr. Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) (J. Marra) ("The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. A 'claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under FLSA does not require more.'").

Finally, Defendants say the Complaint fails to plausibly allege that there are other, similarly-situated employees. I agree. The sole allegations about similarly-situated employees are paragraphs 25 and 26, which state only legal conclusions and unsupported facts that are not entitled to the assumption of truth.

Plaintiff incorrectly relies on *Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) (J. Goodman). In that case, the complaint alleged more robust facts about the similarly-situated employees:

> Meggs has alleged that the similarly situated employees: worked as carpenters for Condotte [ECF No. 13, ¶ 7]; were employed between March 2009 and November 2011 [*Id.* at ¶¶ 3, 11, 18]; worked in Miami–Dade County [*Id.* at ¶ 7]; had work schedules and rates of pay which

6

were controlled by Defendants [*Id.* at ¶¶ 8, 9]; and that Defendants failed to pay the required overtime wages for work performed in excess of forty hours per week [*Id.* at ¶ 18].

In contrast, the Complaint here only says there are "other similarly situated individuals" who were not paid the proper wages. ¶25. It does not say how many or how they are similarly situated. And, it says it covers "every paralegal and any similarly situated individuals who worked for Defendant at any time during the past three (3) years." ¶26. Again, it does not say how many, whether they worked remotely or in person, and what their duties were.

Plaintiff also cites to *Mitial*, where Judge Marra found it premature to decide at the motion to dismiss stage of the case whether the Complaint alleged sufficient facts about similarly-situated employees. I respectfully disagree with that conclusion. Rule 8(a), as interpreted by the United States Supreme Court, requires a plaintiff to allege sufficient facts to plausibly state a claim for relief. This Complaint does not plausibly allege a basis for a collective action. And, deciding this issue at the pleading stage is important because a party can only get discovery on well-pled allegations; discovery cannot be used for the purpose of developing new claims. Fed. R. Civ. P. 26(b)(1), Advisory Committee Note (2000) ("[T]he parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."); *Turco v. Ironshore Ins. Co.*, No. 218CV634FTM99MRM, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019) ("Relevance is determined on the basis of the existing claims and defenses in the litigation, not on unasserted claims and defenses.").

## REPORT AND RECOMMENDATION

Accordingly, it is RECOMMENDED that the District Court DENY the Motion to Dismiss the individual claims and GRANT it with regard to the collective action claim. This dismissal should be without prejudice because the current record does not show that it would be futile to allow Plaintiff to file an amended pleading with additional facts supporting a collective action. *See Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 5th day of January, 2024, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE